UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br><br>v.<br><br>FRANCISCO JAVIER RIVERA-SUAZO,<br><br>        Defendant/Movant. | Case No. 1:12-cv-00555-EJL<br>        1:09-cr-00090-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Francisco Javier Rivera-Suazo's ("Rivera-Suazo") Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1). Having reviewed the Motion, the Government's Response (Civ. Dkt. 5), Rivera-Suazo's Reply (Civ. Dkt. 8), and the underlying criminal record, the Court enters the following Order dismissing the § 2255 Motion for the reasons set forth below.

## PROCEDURAL BACKGROUND

On April 15, 2009, Rivera-Suazo was charged in a one-count Indictment with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. *Indictment*, Crim. Dkt. 1. The conspiracy was alleged to have begun

**MEMORANDUM DECISION AND ORDER - 1**

on or about January 1, 2008, and continued until on or about December 31, 2008. *Id*. At the time he was indicted, Rivera-Suazo was incarcerated at the Idaho State Correctional Institution/IDOC. *See Writ of Habeas Corpus*, Dkt. 6. He waived his right to remain in federal custody prior to trial. *Waiver*, Dkt. 14. Attorney Rob Lewis was appointed to represent him. *Minutes*, Dkt. 10.

On August 25, 2010, a jury convicted Rivera-Suazo of the charged conspiracy. *Jury Verdict*, Dkt. 40. On November 29, 2010, the Court imposed a term of imprisonment of 240 months to run *consecutively* to Rivera-Suazo's state sentence. *Judgment*, Dkt. 49. On November 8, 2011, following an appeal of his sentence and a remand for resentencing due to a sentencing error, the Court imposed a term of imprisonment of 220 months to run *concurrently* with his state sentence. *Amended Judgment*, Dkt. 71. Rivera-Suazo was represented by appointed counsel Greg Silvey on appeal and at resentencing. Rivera-Suazo did not subsequently appeal his amended sentence. On November 2, 2012, Rivera-Suazo timely filed the pending § 2255 Motion.

## REVIEW OF § 2255 MOTION

In his § 2255 Motion, Rivera-Suazo alleges (1) ineffective assistance of counsel for failure to raise double jeopardy, personal and subject matter jurisdiction, and actual or legal innocence issues; (2) violation of the protection against double jeopardy; (3) lack of personal and subject matter jurisdiction; and (4) actual or legal innocence. The Government contends that his ineffective assistance of counsel claim does not meet the *Strickland* standard and that the remaining claims are barred because Rivera-Suazo did

**MEMORANDUM DECISION AND ORDER - 2**

not raise them on direct appeal. In his Reply, Rivera-Suazo seeks to amend his § 2255 Motion pursuant to Federal Rule of Civil Procedure 15(c) and 28 U.S.C. § 2255(h)(4) which allows otherwise untimely claims to be filed one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

## STANDARDS OF LAW

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

**MEMORANDUM DECISION AND ORDER - 3**

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

2.  **Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id*. at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a

**MEMORANDUM DECISION AND ORDER - 4**

reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision,* 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.* Indeed, a court is encouraged to decide an ineffective assistance of counsel claim on prejudice grounds if it is "easier" to dispose of it on those grounds. *Id*.

## DISCUSSION

### 1. Claims Raised in § 2255 Motion

Since Rivera-Suazo alleges that counsel was ineffective for not raising the grounds alleged in Grounds 2-4, the Court will first address those claims. If those claims do not

**MEMORANDUM DECISION AND ORDER - 5**

merit relief, then counsel's failure to raise the issues cannot form the basis of the ineffective assistance of counsel claim.

A review of the § 2255 Motion and Reply reveals that most of the claims appear to relate to drugs seized during a search of Rivera-Suazo's vehicle following a traffic stop and a resulting state court conviction. Due to Rivera-Suazo's failure to provide adequate factual background and to place his claims in context, the Court reviewed the Presentence Report. It appears that the state court conviction to which he refers arose out of an August 22, 2008 traffic stop and subsequent search that yielded 71.7 grams of methamphetamine. *PSR* ¶¶ 45-47. He pleaded guilty to trafficking in methamphetamine and was sentenced to 10 years imprisonment in State of Idaho, Third Judicial District Court, Canyon County, Idaho, Case No. CR-2008-26438. *PSR* ¶ 45. Although the offense occurred during the time-frame of the conspiracy charged in this Court, the seized drugs were only a very small part of charged conspiracy and were not included in the drug quantity calculation in the Presentence Report. *See PSR* ¶¶ 31-32.

### A. Double Jeopardy

In Ground 2, Rivera-Suazo alleges violation of the Double Jeopardy Clause of the U.S. Constitution based on his previous state court conviction for possession of a controlled substance with intent to deliver. His argument fails. It has long been held that prosecution by federal and state sovereignties for the same acts is permissible because "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza*, 260

**MEMORANDUM DECISION AND ORDER - 6**

U.S. 377, 382 (1922). "The Fifth Amendment . . . applies only to proceedings by the federal government and the double jeopardy therein forbidden is a second prosecution under authority of the federal government after a first trial for the same offense under the same authority." *Id*. at 383.

B.  **Lack of Jurisdiction**

In Ground 3, Rivera-Suazo appears to allege that the Court lacked jurisdiction over him to prosecute the conspiracy charge because he had already been charged, convicted, sentenced, and was serving time in state court for possession with intent to deliver involving the same acts. This appears to be a continuation of the double jeopardy argument. To the extent that it is, it is subject to dismissal for the reasons stated above. To the extent that he is actually challenging the Court's jurisdiction, it is subject to dismissal as it is based on conclusory allegations and fails to identify what evidence could have been presented to challenge jurisdiction. The failure to present specific factual allegations which, if true, would entitle him to relief defeats this claim. *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998).

C.  **Legal or Actual Innocence**

In Ground 4, Rivera-Suazo states that he admitted he was guilty of possession with intent to deliver methamphetamine but not of conspiracy. Presumably, he is referring to statements made to FBI Special Agent Douglas Hart. *See, generally*, *Trial Tr.* at 23-69, Crim. Dkt. 58 at 26-69. He questions how he can be convicted of conspiracy when none of the alleged co-conspirators who testified against him was convicted of conspiracy. He

**MEMORANDUM DECISION AND ORDER - 7**

also questions the veracity of the drug testing of the methamphetamine seized from his vehicle on August 22, 2008. In his Reply, Rivera-Suazo claims that he discovered that there had been irregularities at the Idaho State Police Crime Lab that would have called into question the accuracy of the testing of the substance seized from his vehicle.

"To establish a drug conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective and 2) the intent to commit the underlying offense." *United States v. Romero*, 282 F.3d 683, 687 (9th Cir. 2002) (quoting *United States v. Iriarte-Ortega*, 113 F.3d 1022, 2014 (9th Cir. 1997)). Here, the evidence at trial clearly showed that co-conspirator Norman Johnson had an agreement with Rivera-Suazo to supply him with methamphetamine for Johnson to distribute to others. *See, generally, Trial Tr.* at 151- 201, Crim. Dkt. 59 at 6-57. It is not necessary that Johnson be charged with or convicted of conspiracy in order for Rivera-Suazo to be convicted of conspiracy.

Likewise, the alleged irregularities at the Idaho State Police Lab are irrelevant to Rivera-Suazo's innocence of the conspiracy charge. The conviction and sentence were based on Rivera-Suazo's admissions following his arrest and on the testimony of co-conspirator Norman Johnson and others. *See Trial Tr.* at 32; 35, Crim. Dkt. 58 at 35; 38 (Hart testimony); *Trial Tr.* at 160-162, Crim. Dkt. 59 at 15-16 (Johnson testimony). The drugs seized in the arrest were not used to calculate the offense level for purposes of sentencing. *PSR* ¶ 31 (based on Johnson testimony). Indeed, defense counsel on remand observed that whether or not the 71.7 grams was included, the offense level would have been the same. *Sent. Mem.* at 10-11, Dkt. 69.

**MEMORANDUM DECISION AND ORDER - 8**

### D. Ineffective Assistance of Counsel

Based on the above, Rivera-Suazo's claim of ineffective assistance of counsel is subject to dismissal. All of the issues raised lack merit at best and border on frivolous. Accordingly, he can demonstrate neither deficient performance nor prejudice.

### 2. Claims Raised in Reply

Motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In a case such as the present one, where there was no direct appeal, a judgment of conviction becomes final 14 days after the district court enters judgment. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

The Amended Judgment was entered against Rivera-Suazo on November 8, 2011. Therefore, it became final on November 22, 2011, and the deadline for filing a § 2255 motion became November 22, 2012. Although Rivera-Suazo's initial § 2255 Motion was timely, the claims raised in his Reply dated May 22, 2013 and filed May 28, 2013, are clearly untimely and thus procedurally defaulted.

As Rivera-Suazo recognizes in his Reply, an otherwise untimely claim is not saved by Rule 15(c) of the Federal Rules of Civil Procedure unless the new claim is "tied to a common core of operative facts" and thus relates back to a claim in the § 2255 Motion. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005). *Reply* at 6. Despite his assertion to the contrary, Rivera-Suazo's new claims that counsel was ineffective (1) in his cross examination of the arresting officer, Justin Klitch, and in stipulating that the drugs seized

**MEMORANDUM DECISION AND ORDER - 9**

from his automobile were methamphetamine, (2) for failing to challenge the veracity of the laboratory report, and (3) for failing to move to suppress the seized drugs based on illegal search are not tied to a common core of operative facts. Indeed, they are based on an entirely different sets of facts and the latter two claims are irrelevant to this case. Accordingly, the Court will dismiss any new claims included in the Reply as untimely.

## CONCLUSION

Rivera-Sanchez has not alleged specific facts which, if true, would state a claim of relief. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). Accordingly, the § 2255 Motion shall be dismissed without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v.*

*McDaniel,* 529 U.S. 473, 484 (2000).[1]  When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong.  *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that all of the grounds alleged in the § 2255 Motion are subject to dismissal to be debatable or wrong.  Accordingly, a certificate of appealability will not issue.

## ORDER

**IT IS ORDERED:**

1. FRANCISCO JAVIER RIVERA-SUAZO's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ.Dkt. 1 and Crim. Dkt. 73) is **DISMISSED** in its entirety.

2. No certificate of appealability shall issue.  Rivera-Suazo is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal.

---

[1] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction.  *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).  Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

3. If Rivera-Suazo files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **October 6, 2014**

~~Honora~~ble Edward J. Lodge
U. S. District Judge