UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>FRANCISCO RIVERA-SUAZO,<br><br>  Defendant. | Case No. 1:09-cr-00090-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Francisco Rivera-Suazo's Motion to Amend/Correct Clerical Error. Dkt. 83. Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On April 15, 2009, a federal grand jury returned a single count indictment charging Rivera-Suazo with Conspiracy to Distribute Methamphetamine. Dkt. 1. After a two-day trial, a jury convicted Rivera-Suazo. Dkt. 40. Judge Edward J. Lodge[1] subsequently sentenced Rivera-Suazo to 240 months incarceration. Dkt. 49. Judge Lodge ran the federal sentence concurrent to a state sentence Rivera-Suazo was already serving. *Id*. Rivera-Suazo

---

[1] Due to Judge Lodge taking inactive senior status, this case was reassigned to the undersigned upon the filing of Rivera-Suazo's Motion.

MEMORANDUM DECISION AND ORDER - 1

appealed. Dkt. 50. The Ninth Circuit reversed Judge Lodge's sentence because he had miscalculated Rivera-Suazo's criminal history. Dkt. 63. Judge Lodge re-sentenced Rivera-Suazo to 220 months of imprisonment. Dkt. 71. Again, the sentence was to run concurrent to any state sentences. *Id*. Later, after changes to the United States Sentencing Commission Guidelines, Rivera-Suazo's sentence was further reduced to 210 months. Dkt. 78.

On January 28, 2025, Rivera-Suazo filed a Motion to Amend/Correct Clerical Error. Dkt. 83. Therein, Rivera-Suazo verifies that Judge Lodge ordered that his federal sentence should run concurrent to his state sentence, but maintains he is not getting credit for roughly 14 months of time he was incarcerated in state court while awaiting disposition of these federal charges.

### III. ANALYSYS

Rivera-Suazo alleges that he was arrested in 2008 and then again in 2009. Dkt. 83. He claims he was then transferred to the custody of the Bureau of Prisons ("BOP") but that the BOP has not calculated his time correctly because he has only been awarded credit for time served since the date Judge Lodge imposed sentence (November 29, 2010), instead of the date he was arrested (sometime in 2009).

It is not clear from the record when Rivera-Suazo was arrested and/or when he was served with the federal warrant on these charges. What is clear, however, is that Rivera-Suazo was serving a state sentence at the time. As such, when Rivera-Suazo was brought to federal court to be arraigned on the federal charges, he was given the opportunity to waive his right to be taken into federal custody at that time. Rivera-Suazo executed a waiver indicating his desire that he *not* be remanded into federal custody and that he be returned

to his place of imprisonment (with the state of Idaho). Dkt. 14. Because of this waiver, Rivera-Suazo could not receive credit towards any federal sentence for that period of incarceration.[2]

Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence. In addition, Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of Title 18 U.S.C. § 3585(a), explain that the earliest possible date a sentence can commence is the date on which it is imposed.

Accordingly, Rivera-Suazo's federal sentence began on November 29, 2010—the date it was imposed--and he cannot receive any additional time from before that date because he has received credit towards his state sentences for such time.[3] Although his federal sentence—once imposed—ran concurrent with his state sentence, it did not "go back" in time and capture additional custody time. Judge Lodge did not award Rivera-Suazo any credit for time served or otherwise reduce his sentence to account for time in state court. Dkt. 60 (transcript of sentencing hearing).

Thus, contrary to Rivera-Suazo's assertions, BOP is calculating his time correctly and in accordance with statutory provisions. Because he waived coming into federal custody, Rivera-Suazo's federal time began the day his federal sentence was imposed.

---

[2] The Court is not implying this was a poor choice. There are many reasons why a person would not want to be taken into federal custody. Many criminal defendants waive being remanded to federal custody as Rivera-Suazo did here.

[3] The Court asked United States Probation and Parole to review this case, the sentence imposed, and the BOP's records. Probation concurs in the Court's findings that BOP is calculating Rivera-Suazo's time correctly.

MEMORANDUM DECISION AND ORDER - 3

## IV. ORDER

The Court **HEREBY ORDERS**:

1. Rivera-Suazo's Motion to Amend/Correct Clerical Error (Dkt. 83) is **DENIED**.

    The Court will not alter or amend BOP's calculations.

DATED: May 22, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4